**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**GERALD WHITAKER,**                                                  **PLAINTIFF**
**ADC # 141195**

**V.**                    **CASE NO. 3:10CV00115-BD**

**RAY HOBBS, Director,**                                        **RESPONDENT**
**Arkansas Department of Correction**

**ORDER**

Pending before the Court is Petitioner Gerald Whitaker's petition for writ of habeas corpus brought pro se under 28 U.S.C. § 2254. The parties have consented to this Court's jurisdiction in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (#18) For the reasons set forth below, the petition is dismissed with prejudice.

**I.**      **Background**

On March 4, 2008, Petitioner pled guilty to one count of manslaughter and one count of abuse of an adult in the Circuit Court of Mississippi County, Arkansas. (Docket Entry #24-3 at p. 1) The court sentenced Petitioner to eighty-four months in the Arkansas Department of Correction ("ADC") for manslaughter and imposed a suspended sentence of seventy-two months for abuse of an adult. (#24-3)

Petitioner filed a pro se petition for a writ of error *coram nobis* in the Mississippi County Circuit Court on January 16, 2009. (#24-6) In an order filed February 3, 2009, the court denied the petition because it was unsigned, undated, improperly notarized,

lacked a certificate of service, and because there was no application to proceed *in forma pauperis*.

On May 13, 2010, Petitioner filed a second petition for writ of error *coram nobis* in the Mississippi County Circuit Court.  (#24-8)  The second petition contains the same factual allegations as the first petition and is still pending in the trial court.  (#24 at p.5) Petitioner has not filed a petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.

On June 2, 2010, Petitioner filed the instant petition for writ of habeas corpus.  In his petition, Petitioner claims:  (1) trial counsel was reluctant to go to trial and pressured him into a guilty plea; (2) he was heavily medicated on the day he appeared before the trial court to enter his plea of guilty; (3) the guilty plea was not supported by adequate facts; (4) there is insufficient evidence to support the plea because the prosecutor did not establish that he was his brother's legal guardian; and (5) the trial court violated his due process rights by denying his request to fire the public defender serving as his attorney. (#2 at pp. 4-8)

Respondent contends all of Petitioner's claims are barred by the statute of limitations set forth in 28 U.S.C. § 2244(d) and are procedurally barred.  (#24)   Petitioner replied to the response claiming his plea was not supported by sufficient facts.  For the reasons set forth below, Petitioner's petition is dismissed with prejudice.

**II.     The Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), establishes a one-year limitations period during which a state prisoner may commence a habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides that the limitation period begins to run from, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, Petitioner entered a plea of guilty that precluded him from filing a direct appeal. See ARK. R. APP. P. CRIM. 1(a). Consequently, Petitioner's conviction became final on the date the trial court entered the judgment and commitment order, March 4, 2008, and the statute of limitations expired on March 5, 2009. Petitioner did not file this habeas petition until June 2, 2010, more than a year after the statute of limitations expired. Accordingly, Petitioner's claims are barred by the statute of limitations unless the statute of limitations can be tolled.

   A.     *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery,

the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000). A petition for post-conviction relief that does not include a properly notarized verification is not, however, a "properly filed application for state post-conviction or other collateral review." *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006); see also *Nelson v. Norris*, ___ F.3d ___, 2010 WL 3341230 at *5 (8th Cir. Aug. 26, 2010)(holding that under *Walker*, "if a state court finds that a motion fails to comply with filing requirements, that motion is not 'properly filed,' regardless of whether those filing requirements are firmly established") (citations omitted).

In this case, Petitioner filed a petition for a writ of error *coram nobis* with the trial court on January 16, 2009. (#24-6) In an order filed February 3, 2009, the trial court denied the petition because it was improperly filed. (#24-7 at p. 1) The petition was unsigned, undated, improperly notarized, and failed to include a certificate of service. (#24-7 at p. 1) Thus, the petition was not properly filed, and Petitioner is not entitled to any statutory tolling during the time his first petition for writ of error *coram nobis* was pending in the state court.[1]

On May 13, 2010, Petitioner filed a second petition for writ of error *coram nobis* in the Mississippi County Circuit Court. (#24-8) The second petition does not toll the

---

[1] Even if Petitioner were entitled to tolling from January 16, 2009, when he filed the writ of error *coram nobis* until the court's order dismissing relief on February 3, 2009, his petition would still be untimely under the applicable statute of limitations.

statute of limitations, however, because it was not filed until after March 5, 2009, when the statute of limitations expired. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003)(the statute of limitations is not tolled during the pendency of a proceeding commenced after the limitations period has already expired). Accordingly, Petitioner's claims are barred by the statute of limitations unless he is entitled to equitable tolling.

  B.  *Equitable Tolling*

The statute of limitations set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 2562 (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling affords an "exceedingly narrow window of relief." *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). The Eighth Circuit has held that pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling. See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

In this case, Petitioner failed to pursue his rights diligently. The trial court denied his petition for writ of error *coram nobis* on February 3, 2009. At that point, Petitioner had a full month, until March 5, 2009 to file a habeas petition, but he did not file the instant petition until over a year later, on June 2, 2010. See *Nelson v. Norris*, __ F.3d __,

2010 WL 3341230 at *6 (8th Cir. Aug. 26, 2010)(holding that Petitioner who waited for nine months after the Arkansas Supreme Court denied rehearing in his case to file a habeas petition had not diligently pursued his rights).

In his reply to the response, Petitioner again claims that there was insufficient evidence to support his guilty plea. (#25) Petitioner has not made any showing, however, that an extraordinary circumstance prevented the timely filing of a habeas petition. Accordingly, Petitioner is not entitled to equitable tolling.[2]

### III.  Conclusion

Petitioner's claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2244(d). Accordingly, Gerald Whitaker's petition for writ of habeas corpus (#2) is DISMISSED with prejudice.

DATED this 13th day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Having concluded that Petitioner's claims are barred by the statute of limitations, the Court will not address Respondent's claim that Petitioner's claims are also procedurally defaulted.